IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. ELH 19-280 |
| MARQUIS WEAVER | : | |

## MEMORANDUM AND ORDER

Marquis Weaver was indicted in a Second Superseding Indictment on December 11, 2019 and charged with conspiracy to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. 846; and possession of a firearm by a prohibited person in violation of 18 U.S.C. 922(g). ECF 124. The Defendant had his Initial Appearance and Arraignment on February 14, 2020. ECF 148-49. Defendant had a detention hearing on the original indictment on July 19, 2020. ECF 51. An order of detention was entered by me on that date. ECF 52. At the detention hearing, I found by clear and convincing evidence that there were no conditions or combination of conditions that would assure the safety of the community. ECF 51-52.  At the hearing the Court made findings of fact on the record and supplemented those with findings of additional reasons for detention in writing. *Id.* The Court incorporates those findings of fact made on the record and the findings made in the Order of Detention. *Id*.

The Defendant filed an emergency motion for a detention hearing which the Court will construe as a motion for review of detention. ECF 181. The basis for review of detention is that Defendant suffers from asthma and he is at a higher risk of COVID-19 infection while detained at CTF in Washington, D.C. *Id.* "Prisons and Jails leave detainees seriously vulnerable and susceptible to being infected with COVID-19, with the potential to die. Currently many federal Judges are releasing detainees to home confinement in order to reduce the potential of the detainees being infected with the virus." *Id.* p 2. On April 21, 2020, the government filed a response in opposition. ECF 182. On April 24, 2020, the Court entered an Order directing

defendant to provide the Court with medical records and any additional pertinent medical information before 4/28/20. ECF 185. At the request of counsel, the Court extended the time for Defendant to produce medical documentation regarding his asthma for an additional week. ECF 190. After not receiving any additional information, the Court emailed counsel for Defendant who advised the Court there would be no medical documentation submitted in support of his motion. There is no need for a hearing. Local Rule 105.6. For the reasons set forth below, the motion is DENIED.

The Defendant does not challenge the Order of detention based upon the previous factors set forth in 3142(g) nor the Court's analysis of the danger the Defendant poses to the public. Instead the Defendant argues that he should be released because detainees are at higher risk of infection in general and his prior medical condition of asthma present a higher risk in detention than release in the community. Under 18 U.S.C. 3142(g), the Court makes an individualized assessment as to this Defendant. In making this decision, I incorporate the prior rulings cited by the the government in its response and this Court and in particular, *United States v. Xavier Lee,* ELH 19-159, ECF 97, *United States v. Delonte Wheeler,* CCB 19-455, ECF 28 and *United States v. Green*, RDB 20-059, ECF 21.

The Factors Under 3142(g)

The Court considered the factors set forth in 3142(g) at the detention hearing on July 18, 2019. These factors included:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including— (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or

>   alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. 3142(g).

Defendant does not challenge the Court's findings that the 3142(g) factors demanded detention based upon the threat to public safety posed by Defendant. The government was entitled to a presumption in favor of detention pursuant to 18 USC 3142(e) because of the controlled substances charge which carries a penalty of more than 10 years. In addition to the findings on the record made in greater detail, the Court made written findings as to Marquis Weaver:

1) Presumption case – presumption not rebutted here where only rebuttal is 3rd party custodian;

2) Def has 3 prior drug felonies;

3) These charges are from a Title III wiretap – Def intercepted;

4) Def arrested with a co-defendant after intercepted conversation – firearm recovered under defendant's feet;

5) Drug organization associated with firearms and violence.

ECF 52.

<u>Defendant and COVID-19</u>

Defendant in his motion alleges without documentation that he has a history of asthma and uses an albuterol inhaler. A medical order was completed on July 18, 2019 at his initial appearance and although it lists another injury and medication, it does not identify asthma as a medical problem or albuterol as a current medication. ECF 49. The Court provided Defendant the

opportunity to obtain medical documentation and extended the time to obtain the records. Counsel advised the Court that no medical documentation would be provided. However, in an abundance of caution, the Court will consider that Defendant may have a history of asthma.

The Court does not dispute Defendant statistically is at higher risk due to his detention at CTF and a potential history of asthma. The issue for the Court is whether at this moment in time, the COVID-19 facts related specifically to this Defendant, outweigh the other factors under 3142(g) which compelled detention of Defendant.

The Defendant is housed at CTF. Although counsel does not specifically address recent developments at the D.C. Department of Corrections facilities which include CTF, it is incumbent upon the Court to look to the conditions at this moment in time, in analyzing the factors related to COVID-19. In *Banks v. Booth*, 20 cv 849 (D.D.C.) Judge Kollar-Kotelly issued an opinion granting in part and denying in part a motion for a temporary restraining order in a civil action against the District Department of Corrections (CTF and D.C. Jail) regarding the care of detainees during the COVID-19 pandemic. After receiving evidence and briefings, the Court ordered the D.C. Jail and CTF to take certain remedial measures. Judge Kollar-Kotelly did not order the release of any detainees and also did not order that the institutions be shut down. The Order was issued on April 19, 2020. On April 17, 2020 Department of Corrections Director Quincy Booth issued a detailed memorandum setting forth protocols and reminding all staff members of the need to comply with COVID-19 guidelines.

As Judge Coulson recently opined:

> "At present, Judge Kollar-Kotelly, with the help of able advocates, their respective experts, and that court's own independent inspectors, is undoubtedly in the best position to make assessments of current overall conditions at the D.C. Jail, order necessary changes, and monitor compliance so as to address Fifth and Eighth Amendment concerns raised by those general conditions as to the named plaintiffs and the putative class members such as Defendant." *United States v. Irving Hernandez,* PX-19-158, ECF-385.

At this point in time, there is no evidence Defendant has tested positive for COVID-19 or been placed in quarantine. Defendant does not allege any symptoms. If Defendant does in fact have a history of asthma, he does not allege that he is not receiving his medication. CTF is under the strict scrutiny of the United States District Court for the District of Columbia. Department of Corrections Director Quincy Booth started reforms and corrective action prior to the Order of Judge Kollar-Kotelly. By all accounts, with respect to this particular Defendant, he has remained asymptomatic and the Court anticipates the conditions at the facility are improving under the stewardship of the Court and Judge Kollar-Kotelly. Therefore, in balancing the 3142(g) factors already found by this Court, I find that the COVID-19 risk factors alleged in his motion, do not outweigh the danger to the community posed by this Defendant, Daniel Williams.

<u>Release under 3142(i)</u>

In *United States v. Creek*, the Fourth Circuit explained that 18 U.S.C. § 3142(i) requires considering "the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform factors, rises to the level of a 'compelling reason' Case 1:19-cr-00455-CCB Document 26 Filed 04/28/20 Page 22 of 26 23 for temporary release..." United States v. Creek, CCB-19-36, App. No. 20-4251, ECF 18 at *1 (4th Cir. Apr. 15, 2020).

In this case, Defendant does not allege any symptoms or issues with care he may be receiving if he does in fact have asthma. The institution is under strict scrutiny and is enforcing reforms to protect detainees. Defendant, given the opportunity to obtain and produce medical records has chosen not to do so. Therefore, I find there is no compelling reason for release under 3142(i).

It also is obvious to the Court that with the uncertainty of transmission of the COVID-19 virus, there is a risk of placing a person, who is detained into the public. The plan for release proffered by Defendant is to live with his mother and be confined to her residence. Defendant presents no information about who else lives in the residence, whether it is a one, two, bedroom apartment or a single family home, how quarantine would be accomplished and whether anyone else at the residence could be at a high risk for infection.

As to home detention, the Court has been advised by Probation and Pretrial Services that traditional location monitoring is no longer available due to the risks to pretrial services personnel. Even if the more stringent traditional monitoring was available, this Defendant is not a candidate for a third-party custodian release. He was engaged in a drug conspiracy and was arrested to prevent an impending act of violence with a firearm. ECF 182. He is not a candidate for release under any conditions presented to this Court.

The Defendant's proffered medical history of asthma and general risk allegations present no change of circumstances regarding the 3142(g) factors to overcome the factors found by this Court that demand his continued detention. There is no evidence to support a violation that rises to the level of a constitutional violation under the Fifth Amendment regarding Defendant's continued detention. For the reasons stated by this Court, the Motion for Detention Hearing, ECF 181 is DENIED.

So Ordered this 8th day of May 2020.

                                                    _____/s/_____
                                                    A. David Copperthite
                                                    United States Magistrate Judge